IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

CONSOLIDATED INSURANCE COMPANY, )
)
Plaintiff, ) Case No. 1:13-00027
) Chief Judge Haynes
v. )
)
DAMRON TRUCKING, INC., )
)
Defendant. )

# MEMORANDUM

Plaintiff, Consolidated Insurance Company, filed this action under 28 U.S.C. § 1331, the federal question statute, against the Defendant, Damron Trucking, Inc. Plaintiff asserts a claim for the Defendant's breach of its insurance contract with Plaintiff arising from Defendant's refusal to reimburse Plaintiff for Plaintiff's payment of remediation costs to the Environmental Protection Agency ("EPA"). These remediation costs are for the environmental damage caused by one of the Defendant's trucks that spilled asphalt emulsion into the Saw Creek in the Middle Tennessee area. Defendant filed a motion to dismiss. (Docket Entry No. 6). Plaintiff filed a motion for summary judgment (Docket Entry No. 17). The Court denied Defendant's motion and granted Plaintiff's motion, awarding judgment to Plaintiff. (Docket Entry No. 32).

Before the Court is Defendant's motion to amend/correct entry of judgment (Docket Entry No. 34), contending, in sum, that the MCS-90 reimbursement provision was never triggered, and also that there was a genuine issue of material fact as to whether the spill was caused by Defendant's negligence. In response (Docket Entry No. 40), Plaintiff contends that Defendant has not presented any new evidence and is only reasserting the same arguments that were previously considered by the Court.

A party may seek to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) by filing a motion "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and repose." Waiters v. City of Cleveland, 2009 WL 3063384, at *1 (N.D. Ohio Sept. 24, 2009). A court may grant a motion to alter or amend judgment only if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005) (citing GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)). "Rule 59(e) motions are aimed at *re* consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) (emphasis in original) (quoting FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)).

In granting Plaintiff's motion for summary judgment, the Court considered Defendant's assertion that the MCS-90 reimbursement was never triggered because the underlying policy covered "Pollution Cost or Expense." The Court concluded that the underlying policy did not provide the coverage that Defendant asserts, and thus the MCS-90 reimbursement applied to Defendant. (Docket Entry No. 31, Court's Memorandum at 4, n.3). The Court also considered the necessary conditions for triggering MCS-90 payment and concluded that Plaintiff had met its burden. Id. at 15-17.

Defendant now makes the exact same arguments filed in its earlier response in opposition to Plaintiff's motion for summary judgment (Docket Entry No. 20). In the pending motion, Defendant fails to raise any valid grounds to amend or vacate the Court's judgement under Rule 59(e). Defendant does not demonstrate that a clear error of law or newly discovered evidence exists, an intervening

2

change in controlling law has occurred, or that the granting of its motion would prevent manifest injustice. Defendant is, in essence, rearguing its same contentions previously addressed by the Court.

Accordingly, Defendant's motion to reconsider (Docket Entry No. 37) should be denied.

This is the Final Order in this action.

An appropriate Order is filed herewith.

**ENTERED** this the 18th day of December, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court