IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| CONSOLIDATED INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13-00027 |
| | ) | Chief Judge Haynes |
| v. | ) | |
| | ) | |
| DAMRON TRUCKING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff, Consolidated Insurance Company, filed this action under 28 U.S.C. § 1331, the federal question statute, against the Defendant, Damron Trucking, Inc. Plaintiff asserts a claim for the Defendant's breach of its insurance contract with Plaintiff arising from Defendant's refusal to reimburse Plaintiff for Plaintiff's payment of remediation costs to the Environmental Protection Agency ("EPA"). These remediation costs are for the environmental damage caused by one of the Defendant's trucks that spilled asphalt emulsion into the Saw Creek in the Middle Tennessee area.

In early proceedings, Defendant filed a motion to dismiss (Docket Entry No. 6), and Plaintiff filed a motion for summary judgment (Docket Entry No. 17). The Court denied Defendant's motion and granted Plaintiff's motion, awarding judgment to Plaintiff on his right to indemnification of remediation of costs paid to the EPA. (Docket Entry No. 32).

Before the Court is Plaintiff's motion to amend the judgment to include a sum certain, (Docket Entry No. 34), contending that the absence of information on the amount of damages "was an oversight by the parties." Plaintiff further contends that the dollar amount is $935,368.49, citing

the affidavit of Dan Fleming, who, as Plaintiff's adjuster, reviewed and authorized the charges for the cleanup. (Docket Entry No. 35, attachments thereto, Exhibits 1-3). In response (Docket Entry No. 36), Defendant contends that Rules 52, 59(e), and 60(a) are inapplicable to Plaintiff's motion and that there is not an agreement as to the amount of damages owed by Defendant, noting that Plaintiff's complaint did not allege a specific amount paid as cost for the environmental cleanup nor did Plaintiff submit any evidence of the amount paid in support of its motion for partial summary judgment. Defendant asserts that it should be allowed to undertake discovery for contesting the amount, necessity, authenticity and reasonableness of Plaintiff's alleged damages.

Plaintiff also filed a motion to ascertain status of this action (Docket Entry No. 45), contending that this action should be reopened pending determination of damages. Defendant filed its response (Docket Entry No. 46) without opposition to this motion, but reasserts its arguments in opposition to Plaintiff's motion to amend the judgment.

Under Federal Rule of Civil Procedure 52(b), "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly." To prevail on a motion to amend findings of fact, the moving party must "raise questions of substance by seeking reconsideration of material findings of fact or conclusions of law to prevent manifest injustice or reflect newly considered evidence." Wright & Miller, Fed. Prac. & Procedure, Civil, 3d § 2582.

A party may seek to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) by filing a motion "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and

2

repose." Waiters v. City of Cleveland, 2009 WL 3063384, at *1 (N.D. Ohio Sept. 24, 2009). A court may grant a motion to alter or amend judgment only if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005) (citing GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)). "Rule 59(e) motions are aimed at *re* consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) (emphasis in original) (quoting FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)).

Under Fed.R.Civ.P. 60(a), a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission, including inadvertent omissions from the record." Mutchler v. Dunlap Mem. Hosp., No. 5:05–cv–883, 2006 WL 2850458, at *1 (N.D. Ohio Oct. 2, 2006). Rule 60(a) only applies to clerical errors, rather than revisiting substantive judgments. Id.

> The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of blunders in execution whereas the latter consist of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

Pruzinsky v. Gianetti, 282 F.3d 434, 440 (6th Cir. 2002) (citation omitted). "A court does not abuse its discretion when it makes the record 'speak the truth' rather than 'something other than what was originally pronounced.'" Mutchler, 2006 WL 2850458, at *1 (quoting Pruzinsky, 282 F.3d at 440).

For the Court's ruling on the Plaintiff's motion for partial summary judgment, neither party submitted documentation on the amount of indemnification owed. (Docket Entry No. 31, at 6, n.4). Yet, Defendant does not dispute that Plaintiff paid $935,368.49 to the EPA for remediation costs. Pursuant to the MCS-90 endorsement that is required by the MCA and its regulations, Defendant was obligated to pay for the cleanup of the affected area to protect the public. (Docket Entry No. 31, at 5-6, 13-14, 17). Thus, the amount paid to the EPA for remediation costs is readily ascertainable. The Court's Order awarded judgment entitling Plaintiff "to reimbursement of all monies paid by Plaintiff to the Environmental Protection Agency for the remediation and cleanup of the Defendant's truck's oil spill at the Saw Creek." (Docket Entry No. 32). Because "'the amount of damages is readily ascertainable and undisputed,' the Court's omission of a specific dollar amount was a clerical error amenable to correction under Rule 60(a)." United States v. D'Andrea, No. 09–cv–01940, 2013 WL 1137113, at * 2 (D. Colo. March 19, 2013) (quoting Semtner v. Group Health Serv. of Okla., Inc., 129 F.3d 1390, 1392 (10th Cir. 1997)).

If Defendant had any issues with remediation costs, Defendant should have addressed those issues with the EPA. Should Defendant assert that it disputes that Plaintiff paid $935,368.49 to the EPA for remediation costs, Defendant can seek appointment of a master solely to perform an accounting at Defendant's expense. See Fed. R. Civ. P. 53(a)(1)(B)(ii), (g)(2)(A)(3).

Accordingly, Plaintiff's motion to ascertain status of (Docket Entry No. 45) and Plaintiff's motion to amend the judgment to include a sum certain, (Docket Entry No. 34) are **GRANTED**.

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the __10th__ day of March, 2014.

                                      WILLIAM J. HAYNES, JR.
                                      Chief Judge
                                      United States District Court